ADAM I. GAFNI, SBN 230045
**LAW OFFICES OF ADAM I. GAFNI**
2811 Wilshire Blvd, Suite 780
Santa Monica, CA 90403
Phone: (424) 744-8344
Fax: (424) 488-1344
adam@gafnilaw.com

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID GORDON OPPENHEIMER<br><br>Plaintiff,<br><br>VS.<br><br>BOULEVARDS NEW MEDIA, INC., a California Corporation; and DOES 1-10.<br><br>Defendant. | Case No. 5:15-cv-03676<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Complaint For Copyright Infringement**

1

Plaintiff, DAVID GORDON OPPENHEIMER ("Oppenheimer" or "Plaintiff"), alleges against Defendant, BOULEVARDS NEW MEDIA, INC. (hereinafter "Boulevards"); and DOES 1-10 (collectively "Defendants") as follows:

## I.    THE PARTIES

1.    Plaintiff is a world-acclaimed and sought-after photographer in the entertainment industry who specializes in concert photography of well-known musicians and bands.  Many of Plaintiff's images, including those at issue in this action, are of iconic musicians and/or other public figures, including but not limited to Paul McCartney, The Police, Bob Dylan, Stevie Wonder, Sir Elton John, Eric Clapton, Tom Petty and the Heartbreakers, Dave Matthews Band, Willie Nelson, B.B. King, Kenny Rogers, Lauryn Hill, Jack Johnson, Kings of Leon, The Shins, Steve Miller Band, Jay-Z, The Beastie Boys, Bruce Springsteen, Colin Hay, Mark Boyce, The Allman Brothers Band, David Crosby and Graham Nash, Al Green, David Byrne, Michael Franti, Thievery Corporation, Metallica, Cypress Hill, The Smashing Pumpkins, The Flaming Lips, Ice Cube, Wu-Tang Clan, Public Enemy, Snoop Dogg & Warren G, G. Love & Special Sauce, The Black Crowes, Steel Pulse, Beck, Phish, The Dead, Jurassic 5, Ozomatli, Matisyahu, Ani DiFranco, the Yeah Yeah Yeahs, and President Bill Clinton and Congressman Heath Shuler at the Democratic Rally Pack Square Park, Downtown Asheville.

2.    Plaintiff has worked onstage at some of the largest music events in the United States, including but not limited to Bonnaroo Music Festival, The Dead at Madison Square Garden; Phish in Asheville, Knoxville and at Bonnaroo; the Langerado Music Festival, the Bele Chere Festivals, the past eight (8) Warren Haynes Xmas Jams, and the All Good Music Festivals.

3.    Plaintiff's photographs have been featured in magazines and other media outlets, such as Rolling Stone, MSNBC, FUSE, MTV, and AOL.

4.    Plaintiff's photographs are copyrighted images to which he owns all rights

and title. Plaintiff offers his photographs (including the photograph at issue in this case), which are unpublished, for licensed use only via his website www.performanceimpressions.com and ensures that each photograph is affixed with a clear watermark containing a copyright symbol ©, the year it was created, and his name, David Oppenheimer, in order to protect his copyrights.

5.    Plaintiff is informed and believes that Defendant Boulevards is a California corporation with its principal place of business located in San Jose, California.

6.    Plaintiff is informed and believes that Boulevards owns, operates, and controls the websites http://www.sanfrancisco.com; http://www.santacruz.com; http://sfstation.com (and sub uniform resource locators ("sub-URLs") (hereinafter collectively the "Boulevards Websites"). According to Boulevards home website (http://www.boulevards.com), the Boulevards Websites are three (3) of the numerous "cityname.com" URLs that Boulevards owns, operates, manages, controls, and/or supervises around the world. Boulevards "cityname.com" URLs cover some of the top city markets in North America, Europe, South America, Asia, and the Middle East. Additionally, Boulevards states that they are "ranked by Quantcast as one of the top 700 Internet destinations, and reaches more than 3 million unique viewers each month…" and that, based on online traffic they are "one of the nation's leading online media companies."

7.    Plaintiff is further informed and believes that Boulevards advertises, promotes and/or generates revenue from tickets to concerts through the Boulevards Websites.

8.    Plaintiff does not presently know the true names and capacities of the defendants named as Does 1 through 10 and therefore sues such defendants by these fictitious names. Plaintiff believes that the Doe Defendants are persons or entities who are involved in the acts set forth below, either as independent contractors, agents, or employees of the known defendants, or through entering into a conspiracy and agreement with the known Defendants to perform these acts,

for financial gain and profit, in violation of Plaintiff's rights. Plaintiff will request leave of Court to amend this Complaint to set forth their true names, identities, and capacities when Plaintiff ascertains them. The Doe Defendants and the known Defendants are referred to hereinafter collectively as "Defendants."

9.      Plaintiff is informed and believes that Defendants have been or are the principals, officers, directors, agents, employees, representatives, and/or co-conspirators of each of the other Defendants, and in such capacity or capacities participated in the acts or conduct alleged herein and incurred liability therefore. Plaintiff is informed and believes that at some unknown time, the Defendants or some of them entered into a conspiracy with other of the Defendants to commit the wrongful acts described herein; the actions described below were taken in furtherance of such conspiracy; and Defendants aided and abetted each other in the wrongful acts alleged herein. Plaintiff is informed and believes that each of the Defendants acted for personal gain or in furtherance of their own financial advantage in doing the acts alleged below.

## II.      <u>JURISDICTION AND VENUE</u>

10.      Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs as if fully set forth herein.

11.      This action arises under the provision of the Copyright Act of the United States, as amended, 17 U.S.C § 101 *et seq.* and 17 U.S.C § 501 *et seq.*, and is for infringement of copyrights registered with the Copyright Office of the United States.

12.      <u>Subject Matter Jurisdiction</u>. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 and § 1338(a).

13.      <u>Venue</u>. Venue is proper in this district under 28 U.S.C § 1391(b) and (c) and 28 U.S.C. § 1400.

14.      <u>Personal Jurisdiction</u>.  Plaintiff is informed and believes that personal jurisdiction is proper over the Defendants because for years and continuing to the

date of this Complaint Defendants operate commercial businesses through which Defendants knowingly, systematically, and continuously transact business and enter into contracts on an ongoing basis with and provide services to individuals or companies in California, including within this judicial district; and Defendants have engaged in knowing and intentional acts that willfully infringed or assisted in the infringement of Plaintiff's copyrights within California.

15. Plaintiff is informed and believes that Defendants, and those in control of the Boulevards Websites, have had at relevant times and/or continue to have, technical and/or administrative operations in California, within this judicial district, such that the complained of conduct was directed or controlled from this judicial district.

16. Plaintiff is informed and believes that Defendants have provided and/or continue to provide extensive city guide offerings through the Boulevards Websites, including but not limited to hotel room bookings and ticket sales to individuals in California.

## III.   INTRADISTRICT ASSIGNMENT

17. Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs as if fully set forth herein.

18. As an Intellectual Property Action, intradistrict assignment of this action will be assigned on a district-wide basis pursuant to Civil L-R 3.2(c) and based upon Defendants' location within San Jose, California.

## IV.   FACTUAL ALLEGATIONS

19. Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs as if fully set forth herein.

20. Plaintiff created the Photographs at issue in this case (hereinafter, collectively the "Photographs"), which are duly registered as follows with the United States Copyright Office:

1      (1) Reg. No. VAu 1-135-500

2      (2) Reg. No. VA 1-781-500

3    21.    When referred to individually, the Photographs shall be addressed as

4 "Photograph 1" and "Photograph 2," in accordance with the numbering in

5 paragraph 20, above.

6    22.    The Photographs are original works to which Plaintiff, as the sole copyright

7 owner, holds the exclusive rights to reproduce, publicly distribute, and publicly

8 display, pursuant to 17 U.S.C § 106 and 501.

9    23.    Plaintiff is informed and believes that Defendant Boulevards together with

10 the Doe Defendants unlawfully reproduced, publicly distributed, and displayed

11 Photograph 1 on the Boulevards Websites at least on the following links:

12 http://www.sanfrancisco.com/grahame-lesh-and-friends-scary-little-friends-and-

13 johann-lefever-e1879702,

14 http://www.sanfrancisco.com/images/ev/02/1879702a_tn220x220.jpg,

15 http://www.santacruz.com/grahame-lesh-and-friends-scary-little-friends-and-

16 johann-lefever-e1879702,

17 http://www.santacruz.com/images/ev/02/1879702a_tn220x220.jpg,

18 http://www.sfstation.com/grahame-lesh-and-friends-scary-little-friends-and-

19 johann-lefever-e1879702, and

20 http://www.sfstation.com/images/ev/02/1879702a_tn220x220.jpg.

21    24.    True and correct copies of screenshots of the infringing uses of Photograph 1

22 are attached as Exhibit 1.

23    25.    Plaintiff is informed and believes that as of the date of this Complaint, the

24 last listed link of Photograph 1 remains active.

25    26.    Plaintiff is informed and believes that Defendant Boulevards together with

26 the Doe Defendants unlawfully reproduced, publicly distributed, and displayed

27 Photograph 2 on the Boulevards Websites at least on the following links:

28 http://www.santacruz.com/the-wailing-souls-e1924922 and

**Complaint For Copyright Infringement**

http://www.santacruz.com/images/ev/22/1924922a_tn220x220.jpg.

27.   True and correct copies of screenshots of the infringing uses of Photograph 2 are attached as Exhibit 2.

28.   Plaintiff is informed and believes that as of the date of this complaint the first listed link of Photograph 2 remains active.

29.   Plaintiff is informed and believes that the Photographs were unlawfully reproduced, publicly distributed, and displayed by Defendant Boulevards and the Doe Defendants without obtaining a license or consent from Plaintiff, thus violating his exclusive rights as the copyright owner to reproduce, display, and distribute the works under 17 U.S.C. §§ 101 et. seq.

30.   Plaintiff is informed and believes that Defendant Boulevards and the Doe Defendants reproduced, publicly distributed, and displayed the Photographs with actual and/or constructive knowledge that they did not possess the copyrights to the Photographs, including the fact that they obtained the photograph directly from Plaintiff's website where Plaintiff specifically lists that photographs from his website must be licensed before use and the Photographs contained clear watermarks with copyright management information identifying Plaintiff as the author/creator/owner of the copyrighted Photographs.

31.   Plaintiff is informed and believes that Defendant Boulevards and the Doe Defendants unlawfully reproduced, publicly distributed, and displayed the Photographs after they had been registered with the United States Copyright Office.

32.   Plaintiff is informed and believes that Defendant Boulevards and the Doe Defendants acted willfully, making Defendant Boulevards and the Doe Defendants liable for willful direct copyright infringement, pursuant to 17 U.S.C. §§ 106 *et seq.* and 501 *et seq.*

33.   Plaintiff is informed and believes that Defendant Boulevards and the Doe Defendants also had the right and ability to supervise and/or control the infringing

1    activity occurring on the Boulevards Websites and had a direct financial interest in

2    the infringing activities, making them liable for vicarious copyright infringement.

3    34.    Plaintiff incurred substantial time and expense in creating the Photographs at

4    issue and Plaintiff licenses the Photographs at issue for commercial and other uses.

5    35.    Defendants' unlawful use of copies of Plaintiff's original photographic

6    works has diminished the value of the original photographic works by distributing

7    and encouraging redistribution of the photographic works without identifying the

8    photographic works as being the exclusive property of Plaintiff.

9    36.    Defendants' unlawful acts have been and are interfering with and

10   undermining Plaintiff's ability to market Plaintiff's own original photographic

11   works, thereby impairing the value and prejudicing the sale or license by Plaintiff

12   of his own photographic works.

13   37.    Defendants, by their unauthorized appropriation and use of Plaintiff's

14   original photographic works, have been and are engaging in acts of unfair

15   competition, unlawful appropriation, unjust enrichment, wrongful deception of the

16   purchasing public, and unlawful trading on Plaintiff's goodwill and the public

17   acceptance of Plaintiff's original photographic works.

18   38.    As a direct and proximate result of Defendants' wrongful acts, Plaintiff has

19   suffered and continues to suffer lost profits and damages.

20

21                           **V.    FIRST CLAIM FOR RELIEF**
                           **DIRECT COPYRIGHT INFRINGEMENT**
22                              (17 U.S.C. § 101 *et seq.*)

23   39.    Plaintiff incorporates by reference each of the allegations contained in the

24   foregoing paragraphs as if fully set forth herein.

25   40.    By the actions alleged above, Defendants have infringed on Plaintiff's

26   copyrights by unlawfully copying, reproducing, publicly displaying, and publicly

27   distributing Plaintiff's copyrighted Photographs without permission to a global

28   audience on the World Wide Web via the Boulevards Websites.

**Complaint For Copyright Infringement**

41.     Plaintiff is informed and believes that Defendants' acts of infringement were ongoing, willful, intentional, and purposeful, and/or in reckless disregard of and with indifference to Plaintiff's rights in that Defendants knew or recklessly failed to know that they did not have the rights to use the Photographs in the manner in which they used the Photographs.

42.     Plaintiff is informed and believes that by the actions alleged above, Defendants have violated Plaintiff's exclusive rights as the copyright owner to reproduce, adapt, display, distribute, and/or create derivative works under 17 U.S.C. §§ 101 et. seq. making Defendants liable for willful direct copyright infringement.

43.     As a direct and proximate result of Defendants' infringements, Plaintiff was damaged and is entitled to recover from Defendants the damages, including attorneys' fees, he has sustained and will sustain, and any gains, profits, and advantages obtained by Defendants as a result of their acts of infringement alleged above.  At present, the amount of damages, gains, profits and advantages cannot be fully ascertained by Plaintiff, but will be established according to proof at trial. Plaintiff also seeks to recover statutory damages for Defendants' infringements of his copyrights of up to $150,000.00 per infringement.

44.     Plaintiff is entitled to a preliminary and permanent injunction restraining Defendants from engaging in further acts of copyright infringement and causing irreparable damage to Plaintiff for which he has no adequate remedy of law.

### VI.   SECOND CLAIM FOR RELIEF
### VICARIOUS COPYRIGHT INFRINGEMENT
(17 U.S.C. § 101 *et seq.*)

45.     Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs as if fully set forth herein.

46.     Plaintiff is informed and believes that Defendants had the right and ability to control the infringing conduct alleged above occurring on the Boulevards Websites

and have derived, or have attempted or intended to derive, a direct financial benefit from the infringing display and use of the Photographs.  Such conduct constitutes vicarious infringement of Plaintiff's copyrights and exclusive rights under the copyright in the Photographs in violation of Sections 106 and 501 of the Copyright Act (17 U.S.C. §§ 106 and 501).

47.   As a direct and proximate result of Defendants' infringements, Plaintiff was damaged and is entitled to recover from Defendants the damages, including attorneys' fees, he has sustained and will sustain, and any gains, profits and advantages obtained by Defendants as a result of their acts of infringement alleged above.  At present, the amount of damages, gains, profits, and advantages cannot be fully ascertained by Plaintiff, but will be established according to proof at trial. Plaintiff also seeks to recover statutory damages for Defendants' infringements of his copyrights of up to $150,000.00 per infringement.

48.   Plaintiff is entitled to a preliminary and permanent injunction restraining Defendants from engaging in further acts of copyright infringement and causing irreparable damage to Plaintiff for which he has no adequate remedy of law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants and each of them as follows:

1.   For Plaintiff's actual damages.

2.   For a full accounting under supervision of this Court of all profits, income, receipts, or other benefits derived by Defendants as a result of their willful and unlawful conduct.

3.   For statutory damages under the Copyright Act of up to $150,000.00 per infringement.

4.   For prejudgment interest.

5.   For attorneys' fees and costs.

6.    For preliminary and permanent injunctive relief from ongoing infringing activities, including but not limited to: enjoining Defendants, and all persons acting in concert or participation with them, from: directly or indirectly infringing in any manner, or causing, contributing to, enabling, facilitating, or participating in the infringement of Plaintiff's copyrights (whether now in existence or hereafter created) or exclusive rights under copyright, and copies of the Photographs; and

7.    For such other and further relief as this Court deems just.

August 12, 2015

LAW OFFICES OF ADAM I. GAFNI

By: /s/ Adam I. Gafni

Adam I. Gafni
Attorneys For Plaintiff
David Gordon Oppenheimer

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial in this case.

Dated: August 12, 2015                    LAW OFFICES OF ADAM I. GAFNI

By: /s/      Adam I. Gafni

Adam I. Gafni
Attorneys For Plaintiff
David Gordon Oppenheimer

Exhibit 1



SFSTATION GUIDES ▾ EVENTS ▾ MUSIC NEWS PHOTOS PLACES FREE STUFF | Add your event Download the iPhone app

CLUBS MUSIC DINING ARTS LIFESTYLE

## Grahame Lesh & Friends, Scary Little Friends, and Johann Lefever

When    Fri Apr 5, 2013
Where   The Crepe Place
Time    9pm
Cost    $10
Tags    Music, Concerts, Rock, R&B/Soul Music, Folk, Country Music

BUY TICKETS

### DESCRIPTION

The Crepe Place is thrilled to present an amazing triple bill with Grahame Lesh & Friends, Scary Little Friends, and Johann Lefever. Grahame Lesh and Friends delivers a unique blend of country, folk, soul, and a touch of bluegrass with good old rock and roll for a sound that is sure to get the crowd moving. Scary Little Friends is a musical project by Chris Jones that evokes the sounds of Jeff Buckley and Mark Knopfler, striving for point-blank songwriting that reverberates long after the music ends.

### MORE INFO

Link    http://thecrepeplace.com/
Call    831.429.6994

### COMMENTS

0 Comments     SF Station     🔴 Login ▾

♥ Recommend   🔗 Share     Sort by Best ▾

Start the discussion...

### LOCATION



🔴 The Crepe Place
1134 Soquel Ave, Santa Cruz, CA
Directions   See Map

### SHARE THIS EVENT

🐦 Tweet  0    👍 Like  0    0    🔗 Share  0

1879702a_tn220x220.jpg (220×220)



# Exhibit 2



 

65°

# The Wailing Souls

📍 Moe's Alley

📅 Sat Sep 27

🕘 9pm



**About The Wailing Souls**

Jamaica's reggae legends make their long-awaited return to Santa Cruz with a one-night-only performance at Moe's Alley. The members of the Wailing Souls are part of the small surviving group of reggae and roots originators that got their start in the 1960's. Throughout their long and illustrious career, The Wailing Souls became the first reggae group to appear on *The Tonight Show*, achieved international success, and have been nominated for Grammy Awards three times.



**Explore Nearby**



Map data ©2015   Report a map error

| **Popular** | Attractions | Restaurants | Hotels |

1   Herbal Cruz
    Attractions

2   Outdoor World
    Attractions

3   **Chaminade - Linwood's Bar and Grill**
Restaurants

4   **Fairfield Inn & Suites Santa Cruz**
Hotels

5   **Ocean Echo Inn And Beach Cottages**
Hotels

**Explore Live Oak/Pleasure Point** ➤





© 2015 SantaCruz.com: A City Guide by **Boulevards**. All Rights Reserved. Advertise with us | Contact us | Privacy Policy | Terms of Use | Site Map