IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID GORDON OPPENHEIMER,<br><br>    Plaintiff,<br><br>  v.<br><br>BOULEVARDS NEW MEDIA, INC.,<br><br>    Defendant.<br>_____/ | No. C-15-3676 MMC<br><br>**ORDER AFFORDING PLAINTIFF LEAVE TO FILE SURREPLY; CONTINUING HEARING ON DEFENDANT'S MOTION TO SET ASIDE ENTRY OF DEFAULT; CONTINUING CASE MANAGEMENT CONFERENCE** |

       Before the Court is defendant Boulevards New Media, Inc.'s ("Boulevards") "Motion to Set Aside Entry of Default," filed October 7, 2015, and renoticed October 21, 2015. Plaintiff David Gordon Oppenheimer ("Oppenheimer") has filed opposition, to which Boulevards has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court, for the reasons stated below, finds it appropriate to afford Oppenheimer leave to file a surreply.

       On October 2, 2015, the Clerk of Court, upon application by Oppenheimer, entered the default of Boulevards. By the instant motion, Boulevards seeks an order setting aside the entry of default. Pursuant to Rule 55 of the Federal Rules of Civil Procedure, a "court may set aside an entry of default for good cause." See Fed. R. Civ. P. 55(c). In determining whether good cause exists, "the district court should consider whether: (1) the plaintiff would be prejudiced by setting aside the default; (2) the defendant has a

1  meritorious defense; and, (3) the defendant's culpable conduct led to the default." See
2  O'Connor v. Nevada, 27 F.3d 357, 364 (9th Cir. 1994).
3  	Here, with its reply brief, Boulevards has offered evidence bearing on the second
4  and third of the above-referenced three factors.  In particular, Boulevards has filed a
5  declaration by its Chief Executive Officer, Dan Pulcrano, to show Boulevards did not
6  engage in culpable conduct (see Pulcrano Decl., filed October 28, 2015; Def.'s Reply at 9:5
7  - 10:11) and a proposed answer to the complaint, to show Boulevards has a meritorious
8  defense (see Adler Decl. Ex. A); see also In re Stone, 588 F.2d 1316, 1319-20 (10th Cir.
9  1978) (holding defendant has burden to offer "factual allegations sufficient to support a
10 meritorious defense"; noting such allegations may be set forth "in an appended proposed
11 answer"); Cassidy v. Tenorio, 856 F.2d 1412, 1416-17 (9th Cir. 1988) (citing favorably to
12 standard set forth in In re Stone).  Given the manner in which the above-referenced
13 evidence was submitted, however, Oppenheimer has not had an opportunity to respond
14 thereto.  Under the circumstances, the Court will afford Oppenheimer leave to file a
15 surreply.
16 	Specifically, Oppenheimer is hereby afforded leave to file, no later than November
17 20, 2015, a surreply not exceed five pages in length, limited to a response to the
18 statements made in the Declaration of Dan Pulcrano and the allegations set forth in the
19 proposed answer.
20 	In light of the above, the hearing on the motion to set aside the default is hereby
21 CONTINUED to December 18, 2015, at 9:00 a.m.  Further, the Case Management
22 Conference is hereby CONTINUED from December 18, 2015, to February 5, 2016, at
23 10:30 a.m.; a Case Management Statement shall be filed no later than January 29, 2016.
24 	**IT IS SO ORDERED.**
25
26 Dated:  November 10, 2015
27 	MAXINE M. CHESNEY
	United States District Judge
28